IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 3:20-cr-25-CAR-CHW |
| | : | |
| THEOTIS POPE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER

Defendant Theotis Pope entered a plea of guilty to one count of possession of methamphetamine with intent to distribute (Docs. 32. 33) and was sentenced to serve 175 months in confinement. (Doc. 40). The Court entered judgment on December 6, 2022. (Doc. 42). In September 2024, Defendant filed a request to order a copy of his sentencing transcript free of charge. (Doc. 49). He indicated that these documents are needed to file a § 2255 motion. (*Id.*) Currently, Defendant has no motion for post-conviction relief before the Court.

Defendant is not entitled to free copies of documents or transcripts at this time. *See United States v. Hernandez*, 431 Fed. App'x 813, 813 (11th Cir. 2011) (finding that the district court properly denied "a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)[1] (concluding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without costs."). A defendant, post-conviction, "is not entitled to obtain copies of court records at the government's expense to search for possible

---

[1] Fifth Circuit decisions "handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

defects merely because he is an indigent." *United States v. Adamson*, 681 Fed. App'x 824, 826 (11th Cir. 2017) (quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973). Once Defendant has filed a Section 2255 motion, the Court would have discretion to provide transcripts if the Court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).

To the extent that he requests to receive documents free of charge, Defendant's motion (Doc. 49) is **DENIED**.

**SO ORDERED**, this 6th day of August, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge